# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DANIEL BRADY WATSON                                                                 PLAINTIFF
#16347

V.                               No. 4:23-CV-466-KGB-JTR

WHITE COUNTY SHERIFF'S
DEPARTMENT, *et al.*                                                               DEFENDANTS

## RECOMMENDED DISPOSITION

This Recommended Disposition has been sent to United States District Judge Kristine Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.      Introduction

On May 18, 2023, Plaintiff Daniel Brady Watson, a pretrial detainee in the White County Detention Center, filed a *pro se* § 1983 Complaint alleging two factually and legally unrelated claims. *Doc. 2.*

On June 7, 2023, the Court entered an Order reflecting its initial screening of Watson's claims. *Doc. 5*. The June 7 Order noted that Watson could not proceed with both claims and allowed him thirty to file an Amended Complaint choosing which claim he wanted to pursue. *Id.* The June 7 Order also informed Watson that, if he filed an Amended Complaint, "it w[ould] supersede his previous Complaint." *Id. at 2* (citing *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).

Watson has now filed his Amended Complaint. *Doc. 6*. Before Watson can proceed, the Court must screen the Amended Complaint to determine if he has pled any actionable claims that state a claim for relief, and, if so, whether this Court has jurisdiction to consider them.[1]

## II. Screening of Claims

In his Amended Complaint, Watson names the White County Sheriff's Department (the "Sheriff's Department") as the sole Defendant. *Doc. 6 at 1*. According to Watson, in November 2021, the Sheriff's Department erroneously listed on its website that he had been arrested for "harm or injury to an unborn fetus." *Id. at 4*. He, instead, had been arrested for failure to appear. *Id.* As a result of the

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

error, Watson was "ridiculed, scrutinized, chased, beaten, drugged, etc." *Id.* Watson brings claims for "slander [and] defamation." *Id.* By way of relief, he seeks $5,000,000. *Id. at 5*.

Watson's Amended Complaint fails for two reasons. First, it is well-established that a county sheriff's department is not a legal entity that can be sued in a § 1983 action. *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001). Second, the Court lacks subject-matter jurisdiction because Watson has only alleged *state* law claims and does not make any allegation of diversity of citizenship between himself and Defendant. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) ("The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction") (brackets in original).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Watson's Complaint be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

2. Watson's Motion for Counsel (*Doc. 4*) be DENIED, as moot.

DATED this 26th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE